IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. GLR-17-0480 |
| **JULIET LUO** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR MODIFICATION OF RELEASE ORDER

Juliet Luo, by and through her undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland and Christian Bryan Lassiter, Assistant Federal Public Defender, hereby moves this Honorable Court to modify the conditions of release to enable Ms. Luo to change her residence. Assistant United States Attorney Michael Cunningham has authorized undersigned counsel to state the Government does not oppose the requested modification of the release order, or in the alternative does not object to the court holding a hearing to consider modifying the conditions of release. As grounds for the modification, Ms. Luo states the following:

1. Ms. Luo is charged in a multi-count indictment with conspiracy to commit wire fraud (in violation of 18 U.S.C. § 1349), visa fraud (in violation of 18 U.S.C. § 1546(a)) and related forfeiture allegations. Dkt. No. 54.

2. Ms. Luo's initial detention hearing was held on November 22, 2017. Dkt. No. 24. During the hearing the defense proposed Ms. Luo's daughter (Mrs. Joy Ding) to be her third-party custodian ("TPC"). U.S. Pretrial Services ("PTS") informed the Court or their determination that Ms. Luo presented a risk of flight and recommended detention based upon: 1) Ms. Luo's history of traveling outside of the United States for extended periods; and 2) what was perceived as Ms.

Luo being less than fully candid during her initial interview with PTS. The detention hearing concluded with U.S. Magistrate Judge A. David Copperthite signing an order of detention. Dkt. No. 26.

4. On April 3, 2018, the Court conducted a hearing to review the previous order of detention. Dkt. No. 66. At the conclusion of the hearing, the Court granted Ms. Luo's motion for release. Ms. Luo was released to the custody of her daughter, Mrs. Joy Ding, to serve as her third-party custodian. Dkt. No. 68. Ms. Luo was to live with Mrs. Ding under electronic monitoring.

5. Ms. Luo has remained at liberty, under conditions of release set by this Court, for approximately fifteen months without issue. Because of her compliance with the conditions of release, the Court modified her release conditions to permit her to leave the residence for employment and religious services. Dkt. No. 90. The court has also issued orders permitting her to attend particular family gatherings and functions. Dkt. No. 77, 79, 85, 87, 92, 98, 106, 111. Ms. Luo has abided by the modified conditions of release.

6. Currently, Ms. Luo is still residing in the home of Mrs. Joy Ding. Neither Mrs. Ding nor Ms. Luo anticipated that this arrangement would last well over a year in duration. The current living situation of Ms. Luo in the home of Mrs. Ding, her husband and daughter is no longer sustainable. Mrs. Ding's family is potentially expanding, and Ms. Luo living in the residence has strained the household and its resources too thin.

7. Mrs. Ding and Ms. Luo have started to explore options for Ms. Luo to reside in a different location. Mrs. Ding has located an apartment in very close proximity to her residence.

Another close family friend, Tony Yuen, has represented to undersigned counsel that he is willing to rent an apartment in that housing development near Mrs. Ding's residence for Ms. Luo to reside in.

8.   The property is located at 777 W. Germantown Pike, Plymouth Meeting, PA 19462. The apartment development, called Place One Apartment Homes, has vacancies.  At this new proposed residence, Ms. Luo could still be supervised by Pretrial Services Officer Phillip Harris.

9.   Undersigned counsel has communicated at great length with Ms. Luo's supervising Pretrial Services Officer Phillip Harris.  Mr. Harris is able to confirm that Ms. Luo has been compliant with her terms of pretrial release and that they have a good working relationship.

10.   A number of family members are willing to act as third-party custodians, although they would not reside in the apartment daily with Ms. Luo.  Because the proposed apartment is so close to Mrs. Ding's residence, she is willing to remain a third-party custodian for her mother and to check in on her daily.   Additionally, Peter Zhou, Ms. Luo's older cousin who resides nearby, and Tony Yuen, who would rent the apartment for her and would stay there on the weekends when he is not working as a doctor in Manhattan, are both willing to serve as additional third-party custodians for Ms. Luo.

11.   Ms. Luo would be living in the apartment under the current conditions of release, including electronic monitoring.  Ms. Luo has been successful on pretrial release for approximately fifteen months, including a month-long period when her third-party custodian (Joy Ding), with the knowledge of Pretrial Services, left the United States on a family trip to China with her husband

and daughter. For that month, Ms. Luo essentially resided alone in her daughter's residence and abided by the conditions of release, remaining compliant with her electronic monitoring, demonstrating that she does not need to live with her third-party custodian in order to abide by the rules set by the Court. Ms. Luo's fifteen months on release status, including a month when her third-party custodian was not present in the home, demonstrates she does not pose a flight risk and will remain compliant if permitted to reside in a small apartment close to her daughter's home.

12. Accordingly, Ms. Luo requests this Court to modify her conditions of release based upon the instant motion or, in the alternative, to conduct a hearing on the requested modification to afford counsel an opportunity to present additional information.

13. Undersigned counsel has spoken with Assistant United States Attorney Michael Cunningham. Mr. Cunningham has authorized undersigned counsel to represent to this Court that the Government consents to a modification of Ms. Luo's conditions of release or, in the alternative, to a hearing on the requested modification.

14. Finally, undersigned counsel has had communications with United States Probation and Pretrial Services Officer Kenneth Langston on this issue. Undersigned counsel and Mr. Langston have had some back and forth communications, but undersigned counsel does not have the position of Pretrial Services at the time of the filing of the instant motion. Undersigned counsel can definitively represent to this Court that Ms. Luo has abided by the conditions of release and has a great working relationship with her supervising Pretrial Services Officer in the Eastern District of Pennsylvania, Phillip Harris.

WHEREFORE, Ms. Luo requests that this Court grant this instant motion or, in the alternative, hold a hearing to review the release order in this case.

                                             Respectfully submitted,

                                             JAMES WYDA
                                             Federal Public Defender
                                             for the District of Maryland

                                                       /s/
                                             CHRISTIAN BRYAN LASSITER (#805576)
                                             Assistant Federal Public Defender
                                             Office of the Federal Public Defender
                                             100 South Charles Street
                                             Tower II, 9th Floor
                                             Baltimore, Maryland  21201
                                             Phone: (410) 962-3962
                                             Fax: (410) 962-0872
                                             Email:  christian_lassiter@fd.org

DATE: July 2, 2019

## **CERTIFICATE OF SERVICE**

   I promise and attest that on July 2, 2019, the foregoing motion was filed on the ECF of the United States District Court for the District of Maryland, which provided all parties of record with notice of, and access to the motion.

                    ------------/s/-------------------

                    Christian Bryan Lassiter
                    Counsel for Juliet Luo