**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. GLR-17-0480** |
| **JULIET LUO** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## URGENT MOTION FOR MODIFICATION OF RELEASE ORDER

  Juliet Luo, by and through her undersigned counsel, James Wyda, Federal Public Defender

for the District of Maryland and Christian Bryan Lassiter, Assistant Federal Public Defender,

hereby moves this Honorable Court to modify the conditions of release to permit Ms. Luo to reside

at any address approved in advance by her Pretrial Services officer. Assistant United States

Attorney Michael Cunningham has authorized undersigned counsel to state the Government does

not oppose the requested modification of the release order.  <u>This request is urgent because Ms.

Luo and Pretrial Services agree she needs to move immediately.</u>  As grounds for the modification,

Ms. Luo states the following:

  1.  Ms. Luo is charged in a multi-count indictment with conspiracy to commit wire

fraud (in violation of 18 U.S.C. § 1349), visa fraud (in violation of 18 U.S.C. § 1546(a)) and related

forfeiture allegations.  Dkt. No. 54.  A scheduling call with the Court is set for August 14, 2019.

  2.  Ms. Luo made her initial appearance on November 22, 2017, at which time she was

detained.  Dkt. Nos. 24 & 26.

  3.  On April 3, 2018, the Court conducted a hearing to review the previous order of

detention.  Dkt. No. 66.  At the conclusion of the hearing, the Court granted Ms. Luo's motion for

release.  The Court released Ms. Luo to the third-party custody of her daughter, Joy Ding.  Dkt. No. 68.  Ms. Luo was to live with Mrs. Ding under electronic monitoring.

4.      Ms. Luo has resided in the community for 16 months and demonstrated that she does not constitute a flight risk.  Because of her compliance with the conditions of release, the Court previously modified her release conditions to permit her to leave the residence for employment and religious services.  Dkt. No. 90.  The court also issued orders permitting her to attend particular family gatherings and functions.  Dkt. No. 77, 79, 85, 87, 92, 98, 106, 111.  Ms. Luo has abided by the modified conditions of release.

5.      A month ago, the Court granted a consent motion to permit Ms. Luo to reside in an apartment near Ms. Ding's home.  Dkt. No. 114.  In the motion filed by Ms. Luo, undersigned counsel proposed that Ms. Luo's cousin Peter Zhou and close friend Tony Yuen would serve as third-party custodians along with Ms. Ding.  All three would check in on Ms. Luo on a regular basis, and she would continue to reside under electronic monitoring at the new address.

6.      At the time the motion was filed, Ms. Luo planned to rent an apartment at 777 W. Germantown Pike, Plymouth Meeting, PA, which is extremely close to Ms. Ding's home. Unfortunately, after the Court signed the order, the apartment complex no longer had a vacant unit. Ms. Ding, Ms. Luo, Mr. Zhou and Mr. Yuen have tried other apartment complexes in close proximity to Ms. Ding's home, but they either do not have vacancies until September 1 or will not rent to Ms. Luo because of her pending case.

7.      Ms. Ding had requested that Ms. Luo move out of her home because her 15-month stay had put a serious strain on Ms. Ding and her husband.  It also prevented them from hosting other family members in their home.  Ms. Ding urgently wants Ms. Luo to move out of her home, and is no longer willing to wait until a suitable apartment is found.

8.      A couple from Ms. Ding's church have agreed to host Ms. Luo while Ms. Luo, Mr. Zhou and Mr. Yuen continue to look for an apartment for Ms. Luo.  Jeannie and Chris Conboy have agreed to let Ms. Luo reside with them.  Mr. Conboy is a retired correctional officer and librarian; Mrs. Conboy formerly worked as a clerk in Federal Court.  Ms. Luo's pretrial services officer in Philadelphia, Phillip Harris, has vetted both and determined the household is a suitable residence for Ms. Luo.

9.      While Ms. Luo is staying with the Conboy's, Ms. Luo, Mr. Zhou and Mr. Yuen will continue to look for an apartment for Ms.  Luo.  Because Mr. Zhou lives further from Philadelphia than Ms. Ding, they believe they will be able to find more suitable options for Ms. Luo nearer to his home than Ms. Ding's.  So that Pretrial Services has the flexibility to approve Ms. Luo's move to the Conboy household in the short term and to a yet-to-be-determined apartment in the long term, her supervising officer recommends that the Court issue an order allowing Ms. Luo to reside at any address approved in advance by Pretrial Services.  Such language will enable Ms. Luo to resolve both her short-term and long-term housing situation with the guidance of Pretrial Services without having to come to the Court should an urgent issue arise, as has occurred here.

10. Mr. Harris has been in correspondence with Kenneth Langston, who conveyed via email to Mr. Harris that he does not object to Ms. Luo moving to a residence that Mr. Harris deems appropriate.

11. Undersigned counsel has corresponded with Assistant United States Attorney Michael Cunningham, who has authorized undersigned counsel to represent to this Court that the Government consents to a modification.

**WHEREFORE**, Ms. Luo requests that this Court issue an order permitting Ms. Luo to reside at any address approved in advance by her Pretrial Services Officer and to allow Mr. Zhou and Mr. Yuen to share in the responsibility as third-party custodians for Ms. Luo. A proposed order is attached for the Court's convenience.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
for the District of Maryland

_____/s/_____
CHRISTIAN BRYAN LASSITER (#805576)
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email:  christian_lassiter@fd.org

DATE: August 6, 2019

## **CERTIFICATE OF SERVICE**

 I promise and attest that on August 6, 2019, the foregoing motion was filed on the ECF of the United States District Court for the District of Maryland, which provided all parties of record with notice of, and access to the motion.

------------/s/-------------------

Christian Bryan Lassiter

Counsel for Juliet Luo
