___ FILED     ___ ENTERED
___ LOGGED    ___ RECEIVED

1:31 pm, Mar 25 2022
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

P. Michael Cunningham
Assistant United States Attorney
michael.cunningham@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

Direct: 410-209-4884
Main: 410-209-4800
Fax: 410-962-3091

February 6, 2022

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAR 2 5 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
BY        DISTRICT OF MARYLAND
                         DEPUTY

Christian B. Lassiter, Esquire
Katherine Newberger, Esquire
Office of the Federal Public Defender
100 South Charles Street
Baltimore, Maryland 21201

  Re: *United States v. Juliet Luo*
    Criminal No. GLR-17-0480

Dear Counsel:

  This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Juliet Luo, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). <u>**The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).**</u> If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by February 18, 2022, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

  1. The Defendant agrees to waive any claim to a violation of the Statute of Limitation, and the right to be charged by Indictment and plead guilty to a Superseding Information, in which she will be charged with aiding and abetting in the making of false statements within a visa application, in violation of 18 U.S.C. §§ 2 and 1546(a). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland and elsewhere

    a. That the Defendant knowingly ~~without~~ *aided and abetted* in the making of a false statement;

                 CL  JL

1

     b.     Second, that the false statement was made under oath; and

     c.     Third, that the false statement was material to a document required by the immigration laws or regulations prescribed thereunder.

### Penalties

3.     The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 1546(a) | N/A | 10 years | 3 years | $250,000 | $100 |

     a.     Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

     b.     Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

     c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

     d.     Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

     e.     Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

     f.     Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant

Rev. August 2018

agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

    a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

Rev. August 2018

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein. This Office and the Defendant further agree that the applicable advisory guidelines apply as follows:

a. The applicable base offense level, pursuant to USSG § 2L2.1(a) is 11.

b. Relevant conduct: There is a three (3) level increase because the defendant sought to ~~fraudulently~~ obtain more than 6 and less than 24 documents, pursuant to USSG § 2L2.1(b)(2)(A). *CL JL*

c. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the

offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

        d.      The adjusted Guideline offense level is twelve (12).

7.      The Parties agree that the Defendant's criminal history is Category I, placing her in Zone C of the Sentencing Table.

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11 (c) (1) (C) Plea

9.      The Parties stipulate and agree that the Defendant was in pretrial custody from November 21, 2017 until April 3, 2018, during which time she was essentially in solitary confinement at the Maryland Correctional Institute for Women – Jessup, due to medical exigencies. This time is credited against any term of imprisonment imposed. From April 3, 2018, through October 31, 2019, the Defendant resided under home confinement. Although electronic monitoring was removed on October 31, 2019, the Defendant has remained under strict conditions of supervision monitored by Pretrial Services since. The Parties agree that an appropriate sentence is to a term of imprisonment equal to the time Luo spent in Pretrial Custody, coupled with an additional term of six (6) months of home confinement as a condition of Supervised Release, pursuant to USSG § 5C1.1(d)(2) and (e). This Office agrees to not seek the imposition of a fine. This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

### Waiver of Appeal

10.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statutes, to the extent that such challenges legally can be waived.

        b.      The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term

of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: the Defendant reserves the right to appeal any sentence that exceeds the applicable Guideline range.

       c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

11. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

12. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

    a. 7281 Chinese Yuan and assorted foreign currency seized from the Defendant on November 29, 2017 in Ijamsville, Maryland (Asset ID: 15-ICE-003260);
    b. $9,481 in U.S. Currency seized from the Defendant on November 29, 2017 in Ijamsville, Maryland (Asset ID: 15-ICE-003261);
    c. $377 in U.S. Currency seized from the Defendant on November 29, 2017 (Asset ID: 18-CBP-000189);
    d. $1,861.46 in funds seized from Bank of America account x1244 in the name of "Paradigm-V LLC" (Asset ID: 18-ICE-002783);
    e. $1,861.41 in funds seized from Capital One account x1728 in the name of "TY" or "HL" (Asset ID: 18-ICE-002796);
    f. $513.39 in funds seized from Capital Bank account x1018 in the name of "CM Equip LLC" (Asset ID: 18-ICE-002797);
    g. $2966.04 in funds seized from Capital One account x3037 in the name of "Rinchenmo Wealth Management USA LLC" (Asset ID: 18-ICE-002798);
    h. $1,042.76 in funds seized from Capital Bank account x7711 in the name of "CM Equip LLC" (Asset ID: 18-ICE-002799);
    i. $47,510.49 in funds seized from Capital Bank x7718 in the name of "Paradigm-V LLC" (Asset ID: 18-ICE-002800);
    j. $100,033.43 in funds from Capital One Account Close Out Cashier's Check Number 50942, issued on or about November 16, 2017, closing out account x1876 in the name of "American Melin Corp" (Asset ID: 18-ICE-002801).

13.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Government specifically will not seek to forfeit the real property identified in the Forfeiture Claus of the Superseding Indictment, paragraph 4, subparagraphs p, q and r.

14.     The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

15.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Abandonment

16.     The Defendant knowingly and voluntarily waives any right, title, and interest in the following property:

   a. Approximately 102 Hisense Anyview monitors (Asset ID: 18-ICE-002700);
   b. Approximately 2 Hisense 32" monitors (Asset ID: 18-ICE-002701);
   c. Approximately 2 Hanspree monitors (Asset ID: 18-ICE-002702)

(the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

17.     The Defendant understands that she would have a right to file a claim to the Abandoned Property and waives her right to claim the Abandoned Property. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

### Defendant's Conduct Prior to Sentencing and Breach

7

Rev. August 2018

18.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

19.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Entire Agreement

20.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

8

Very truly yours,

Erek L. Barron
United States Attorney

By: *P. Michael Cunningham*
P. Michael Cunningham
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

2/18/2022
Date

*Juliet Luo*
Juliet Luo

We are the Defendant's attorneys. We have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises us that the Defendant understands and accepts its terms. To our knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

2/18/22
Date

Christian B. Lassiter, Esquire
Katherine Newberger, Esquire

9

Rev. August 2018

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Juliet LUO ("LUO") currently resides in Southeastern Pennsylvania, where she has been under the supervision of Pretrial Services since on or about April 3, 2018. During the times relevant to the instant case, she resided in Ijamsville, Maryland.

LUO and her then husband, co-defendant Ke "Jack" ZHANG, became the subjects of an investigation in 2013. Specifically, Immigration and Customs Enforcement ("ICE") received information that ZHANG and LUO used their business, Caervision, to facilitate the making of materially false statements within visa applications.

On or about March 17, 2017, LUO aided and abetted in the application for an H-1B visa on behalf of Yujing GAO, a Chinese citizen. False statements were made under oath in GAO's H-1B visa application that she was a highly skilled and/or educated foreign worker subject to employment under specific limitations. These representations to United States Citizenship and Immigration Services ("USCIS") about the applicant's status and her qualification for the respective visa were materially false. The Defendant knowingly aided and abetted in the false representations.

SO STIPULATED:

_____
P. Michael Cunningham
Assistant United States Attorney

_____
Juliet Luo
Defendant

_____
Katherine Tang Newberger, Esquire
Christian Lassiter, Esquire
Counsel for Defendant