IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GLR-17-0480 |
| JULIET LUO | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNOPPOSED REQUEST FOR EMERGENCY ORDER
AUTHORIZING TRAVEL TO HONG KONG TO VISIT AILING MOTHER**

Juliet Luo respectfully moves this Court for an emergency order authorizing her to travel to Hong Kong to visit her ailing 90-year-old mother while on supervised release. Ms. Luo agrees that her time out of the country would toll the six-month period of supervised release with home confinement that she is currently serving. Assistant United States Attorney Michael Cunningham has no objection to this request. In support of this request, undersigned counsel states as follows:

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), on March 25, 2022, Ms. Luo pled guilty to a one-count superseding information, charging her with aiding and abetting in the making of false statements within the visa application of another, in violation of 18 U.S.C. §§ 2 and 1546(a). The Court sentenced Ms. Luo to time served followed by six months of supervised release with the special condition that she serve six months of home confinement with approval to work and engage in work-related travel. ECF No. 165.

2. Prior to March 25, 2022, Ms. Luo had been detained from November 21, 2017, until granted pretrial release on April 3, 2018. ECF No. 68. For most of that period, Ms. Luo was held "essentially in solitary confinement at the Maryland Correctional Institution for Women – Jessup, due to medical exigencies." Plea Agreement ¶ 9. The initial release order placed her under

electronically-monitored detention at her daughter's house.  ECF No. 68.  In January 2019, the Court permitted Ms. Luo to work.  ECF No. 90.  On October 31, 2019, the Court removed electronic monitoring as a condition of Ms. Luo's release.  ECF No. 123.  In total, she spent almost 19 months under electronically-monitored home confinement pretrial.  Even after the Court removed electronic monitoring, Ms. Luo remained under pretrial supervision residing with friends and family.  In total, prior to sentencing, Ms. Luo spent 4.5 months in pretrial detention, "essentially in solitary confinement," and 47 months under pretrial supervision (19 of which were under electronically-monitored home detention).

3. The Court's order of April 3, 2018, setting conditions of pretrial release, ordered Ms. Luo, a naturalized U.S. citizen, to surrender her passport, although it also noted that the passport was in the Government's custody, having been seized at the time of her arrest.  ECF No. 68 ¶ (8)(h).

4. After Ms. Luo's guilty plea and sentencing, the Government turned Ms. Luo's passport over to U.S. Probation and Pretrial Services.  On April 13, 2022, the Court directed U.S. Probation and Pretrial Services to return Ms. Luo's passport to her, which occurred shortly thereafter.  ECF No. 169.

5. As discussed in Ms. Luo's sentencing memo and in court at the sentencing hearing on March 25, 2022, Ms. Luo has not been able to see her 90-year-old mother who resides in China for 5 years because of the pendency of this case.  Her mother is in failing health, and as recently as April 13, 2022, was hospitalized for septic shock, severe pneumonia, diabetes,

hypoalbuminemia and electrolyte imbalance. As COVID-19 cases have risen in China, several cities have endured lockdowns, and hospitals in crisis have not been able to admit those in need of care. Given the present situation in mainland China, Ms. Luo's sister, who resides with their mother, has decided to transport their mother from their hometown of Chengdu to Hong Kong, where Ms. Luo's niece resides.

6. At Ms. Luo's sentencing hearing, counsel for Ms. Luo discussed that Ms. Luo may seek the permission of the Court to travel to China during her period of supervised release so that she can see her mother before her mother passes away. Assistant United States Attorney Michael Cunningham permitted counsel to represent at the hearing that he would not oppose such a request, and the Defense agreed that all time Ms. Luo was out of the country to visit her mother would toll her period of supervised release and home detention.

7. Given her mother's recent hospitalization and COVID-related restrictions on travel and hospital visitors, Ms. Luo is very afraid that if she does not visit her mother soon, she will not have an opportunity to do so should her mother's condition worsen.

8. Ms. Luo proposes to travel to Hong Kong on Friday, departing from New York, where she is residing and is supervised by U.S. Probation. She would then spend one week at a designated quarantine facility in Hong Kong before going to stay with her niece and mother in Hong Kong. She would then leave Hong Kong on May 16, 2022, arriving back in New York by May 17, 2022.

9. Assistant U.S. Attorney Michael Cunningham has authorized us to state that he has no objection to the Court permitting this trip.

WHEREFORE, Ms. Luo asks the Court to issue the attached order permitting her to travel to Hong Kong to visit her ailing 90-year-old mother and tolling her period of supervised release and home detention while she is out of the country.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland

_____/s/_____
CHRISTIAN BRYAN LASSITER (#805576)
KATHERINE TANG NEWBERGER (#27803)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax:  (410) 962-3976
Email: christian_lassiter@fd.org
  katherine_newberger@fd.org
Counsel for Juliet Luo